UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL HARRIS,

     Plaintiff,

v.                                    Case No.: 8:25-cv-01160-JLB-NHA

PRIMERICA LIFE INSURANCE
COMPANY, et al,

     Defendants.

_____/

## **ORDER**

Plaintiff Cheryl Harris, proceeding without a lawyer, moves to compel Defendant Primerica Life Insurance Company to provide better responses to her First Set of Interrogatories and Requests for Production. Doc. 40. I deny the motion without prejudice for failure to comply with Local Rule 3.01(g).

Plaintiff's motion includes a "Local Rule 3.01(g) Certification" which states that "a good faith conference was requested and conducted on January 29, 2026 via email communication with opposing counsel." Doc. 40 p. 5. However, Defendant's response (Doc. 45) calls into question whether good faith attempts to resolve the discovery dispute occurred before the motion was filed.

Defendant attaches exhibits showing that Plaintiff emailed Defendant on January 29, stating concerns about some of Defendant's responses to her

discovery requests and requesting conferral, and that Defendant's counsel responded to that email on January 30, saying that Defendant would send Plaintiff additional discovery documents and offering to set up a time to confer. Doc. 45-1. Counsel for Defendant emailed Plaintiff again on February 2 saying that she was sending the documents that day and again offering to set up a time to talk about Plaintiff's discovery concerns. *Id.* On February 5, Plaintiff emailed defense counsel and stated that she was "disappointed" with Defendant's "deficient production" and would be filing a motion to compel that day. Doc. 45-2 p. 1.

Under Local Rule 3.01(g), parties must confer in good faith before filing a motion. This requirement is intended to conserve judicial and party resources by encouraging the resolution of disputes without court intervention. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).

Here, it appears the parties did not engage in substantive conversations about Plaintiff's discovery concerns, and whether they could be resolved, before the motion to compel was filed. In this context, I find that the motion does not comply with Rule 3.01(g).[1]

---

[1] Plaintiff's subsequent reply (Doc. 46) does not address Defendant's argument about insufficient conferral, other than by referencing an email Plaintiff sent on February 19, after Plaintiff's motion to compel was already filed. Doc. 46 p. 6.

For this reason, Plaintiff's motion (Doc. 34) is denied without prejudice (meaning she can file it again later should meaningful efforts to confer fail to resolve the issue).

DONE and ORDERED on March 2, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

3