UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL HARRIS,

    Plaintiff,

v.                                   Case No.: 8:25-cv-01160-JLB-NHA

PRIMERICA LIFE INSURANCE
COMPANY, et al,

    Defendants.

_____/

## ORDER

    I grant Defendant Primerica Life Insurance Company motion (Doc. 47) to stay discovery until the Court resolves its motion to dismiss (Doc. 10).

### I.   Background

    Plaintiff sues Primerica Life Insurance Company for breach of contract and for handling her life insurance claim in bad faith.[1] Doc. 1. Plaintiff alleges that her late sister, Patricia Ann Washington, had a Primerica Life Insurance policy and that Plaintiff was entitled to a portion of the proceeds from that policy. *Id.* Plaintiff further alleges that Defendant breached a contract with her

---

[1] Plaintiff's complaint also includes a putative Section 1983 claim against District Judge Steven D. Merryday. Doc. 1. A review of the docket indicates that Plaintiff never served Judge Merryday and has not pursued that claim.

and/or Ms. Washington by failing to pay proceeds from the policy to Plaintiff, after Ms. Washington passed away. *Id.* Plaintiff also alleges that Defendant acted in bad faith by failing to properly notify Ms. Washington when the policy lapsed before her death; failing to reinstate the policy after a request to do so; and unreasonably denying Plaintiff's claim under the policy after Ms. Washington passed away. *Id.*

On September 9, 2025, Defendant moved to dismiss the complaint. Doc. 10. Defendant argued that Plaintiff was not a beneficiary of the policy, which policy allowed recovery only by the three named beneficiaries (Ms. Washington's parents and fiancé) or by Ms. Washington's estate. *Id.* pp. 2-3. Defendant asserted that, by failing to allege that she was a beneficiary of the policy, Plaintiff had not alleged a required element of her breach and bad faith claims, and further that because Plaintiff was not in fact a beneficiary of the policy, the complaint could not be amended to fix its pleading deficiency. *Id.* pp. 4-7. Plaintiff opposes the motion. Doc. 13.

Primerica now moves to stay all discovery until its motion to dismiss is decided. Doc. 47.

## I. Discussion

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997*); see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir.

2

1985) ("[A] magistrate [judge] has broad discretion to stay discovery pending decision on a dispositive motion."). Motions to stay discovery are generally disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Accordingly, the Middle District of Florida Handbook on Civil Discovery states that such motions are "rarely granted," but that "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery (2021) § I(E)(4).

In determining whether a stay of discovery is warranted, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. Thus, while a stay of discovery until a motion to dismiss is resolved "is rarely appropriate unless resolution of the motion will dispose of the entire case," courts may grant such a stay if the motion to dismiss appears to be "truly case dispositive" and likely to succeed. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman*, 176 F.R.D at 652-53). In making this determination, "it is helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and 'truly case dispositive.'"

*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 Fed. App'x. 713 (11th Cir. 2003) (unpublished) (quoting *Feldman*, 176 F.R.D at 652-53); *see also Bufkin v. Scottrade, Inc.*, 812 Fed. App'x. 838, 842 (11th Cir. 2020) (unpublished) (condoning the use of the "preliminary peek" to decide whether to stay discovery pending a dispositive motion).

　　　　　　　a.  The Motion to Dismiss

Here, a "preliminary peek" at Defendant's motion to dismiss (Doc. 10) reveals that, if the Court were to grant the motion, it would dispose of this case. In its motion to dismiss, Defendant argues that both claims fail because Plaintiff did not plead she was a named beneficiary to the relevant insurance policy. *Id.* pp. 4-7. Specifically, Defendant explains that Plaintiff cannot bring a claim for breach of contract, based on a contract to which Plaintiff was not a party or beneficiary. *Id.* p. 3. Likewise, Defendant argues that Plaintiff cannot claim bad faith for Defendant's handling of a policy to which Plaintiff was not a party or beneficiary. *Id.* p. 7.

Defendant further argues that Plaintiff cannot cure these defects by repleading, because Plaintiff cannot change her status as a non-beneficiary to the underlying policy. *Id.* pp. 2-3. Defendant includes a copy of the policy and Ms. Washington's application for it as an exhibit to the motion to dismiss. *See*

4

Doc. 10-1.[2] And, indeed, the policy application designates as beneficiaries only "Joseph & Bertha Washington," Ms. Washington's parents, and "Henry Dawson," Ms. Washington's fiancé. Doc. 10-1 p. 32.

In Plaintiff's opposition to dismissal, she argues that she is a de facto (if not a named) beneficiary of the policy. She explains that the estate is a beneficiary of the policy and that she, "as a legal heir to [Ms. Washington's] estate, as defined by Florida law" is thus a policy beneficiary. Doc. 13 p. 6. Plaintiff points out that, under the policy, "when all named beneficiaries . . . predecease the insured, the death benefit is typically paid to the deceased's estate." *Id.* p. 3. Plaintiff asserts that the three named beneficiaries of the policy did predecease Ms. Washington and thus, she, as an heir to the estate under Florida law, is entitled to receive some of the policy proceeds. *Id.* pp. 7-8.

A preliminary review of the parties' arguments reveals that the motion to dismiss is case-dispositive and, while the District Court will decide the merits of the motion to dismiss, Defendant has made facially plausible

---

[2] "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

arguments that Plaintiff did not and cannot state a claim for relief. This analysis weighs in favor of granting Defendant's motion to stay discovery.

### b. Unusual Circumstances

Perhaps more importantly, this case presents unusual circumstances that indicate discovery practice would be unduly burdensome at this point. *See* Middle District Discovery (2021) § I(E)(4). Defendant's motion to stay discovery notes that Plaintiff's siblings have filed six similar lawsuits against Defendant in this district. Doc. 47 pp. 2-3. The case brought by Plaintiff's sister, Angela DeBose, was dismissed when the court ruled that none of the siblings, singly or in combination, could litigate without a lawyer on behalf of Ms. Washington's estate. *See* Docs. 40, 41, 8:24-cv-02433-SDM-NHA (denying two of Plaintiff's siblings' motions to intervene and dismissing the case). Nonetheless, Plaintiff and her siblings continued to file similar cases against Defendant, including this one. Three of those cases have been dismissed for failure to prosecute. *See Joseph Washington v. Primerica Life Ins. Co.,* 8:25-cv-01080-TPB-AEP; *Michael Washington v. Primerica Life Ins. Co.*, 8:25-cv-1124-KKM-LSG; *Cheryl Harris v. Primerica Life Ins. Co.*, 8:25-cv-1121-WFJ-SPF. Another case has not proceeded past the plaintiff's motion to proceed in forma pauperis. *See Gilbert Washington v. Primerica Life Ins. Co.,* Case No. 8:25-cv-1122-MSS-SPF. In the fifth case, however, Defendant has been ordered to proceed to the discovery stage after its motion to dismiss was denied without

6

prejudice. *See* Docs. 62, 63, *LaVonne Washington v. Primerica Life Ins. Co.,* 8:25-cv-1123-WFJ-SPF.

Thus, Defendant has already spent significant time and resources defending against similar claims about the same insurance policy, and is already engaged in one related discovery proceeding.

Considering Defendant's specific showing of undue burden, I find that staying discovery while the District Court considers Defendant's motion to dismiss is appropriate in this case.[3]

## II.    Conclusion

Because a "preliminary peek" at the motion to dismiss suggests that it is case-dispositive and potentially meritorious, and because this case presents unusual circumstances that suggest discovery at this time might impose an undue burden on Defendant, Defendant's motion (Doc. 47) is granted.

---

[3] Plaintiff argues that Defendant's motion should be denied because it failed to comply with Local Rule 3.10(g). Doc. 49 p. 2. Indeed, Defendant's motion did not certify that it had conferred with Plaintiff, and Defendant did not supplement the motion with a notice of conferral. However, while failure to comply with Rule 3.10(g) *may* be a basis on which to deny the motion, the Court does not view such denials as fruitful where, as here, the opposing party has already responded to the substance of the motion and made clear it is not open to a negotiated resolution of the relevant issue.

Discovery in this case is stayed until the Court resolves Defendant's motion to dismiss.

DONE and ORDERED on March 6, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

8