UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL HARRIS,

     Plaintiff,

v.                                                    Case No.: 8:25-cv-01160-JLB-NHA

PRIMERICA LIFE INSURANCE
COMPANY, et al,

     Defendants.

_____/

## **ORDER**

Plaintiff moves to recuse me from this case. Doc. 53. I deny Plaintiff's

motion.

## I.     **Background**

Plaintiff sues Primerica Life Insurance Company for breach of contract

and for handling her life insurance claim in bad faith. Doc. 1. She also brings

a putative section 1983 claim against District Judge Steven D. Merryday. *Id.*

Plaintiff alleges that her late sister, Patricia Ann Washington, had a

Primerica Life Insurance policy and that Plaintiff was entitled to a portion of

the proceeds from that policy. *Id.* Plaintiff further alleges that Primerica

breached a contract with her and/or Ms. Washington by failing to pay proceeds

from the policy to Plaintiff, after Ms. Washington passed away. *Id.* Plaintiff claims that Primerica acted in bad faith by failing to properly notify Ms. Washington when the policy lapsed before her death; failing to reinstate the policy after a request to do so; and unreasonably denying Plaintiff's claim under the policy after Ms. Washington passed away. *Id.*

In the context of this litigation, I have issued a variety of orders and recommendations to the Court. Citing some of them, Plaintiff now seeks my recusal. Doc. 53. Plaintiff takes issue with the following:

A. <u>The Timing of My Rulings</u>

On October 28, 2025, I denied (Doc. 22) Plaintiff's Motion (Doc. 21) to expedite the District Court's ruling on Defendant's motion (Doc. 10) to dismiss her complaint. I responded that "The Court understands that parties may experience frustration with the speed of litigation. But the Court serves thousands of parties all seeking relief at once, and must prioritize thoughtful rulings over instantaneous ones. Defendant's motion to dismiss has been pending for less than a month and will be considered with care and ruled upon in due time." Doc. 22.

Plaintiff indicates this order requires my recusal because (1) it was a lecture, and (2) I expeditiously ruled on "Defendant's procedural maneuvers, such as the Motion to Stay, while allowing Plaintiff's substantive motions to

2

remain pending without ruling." Doc. 53 p. 2. Plaintiff characterizes this as "Differential Treatment of the Parties." *Id.*

B. The Parties' Disparate Success in Motions Practice

On February 5, 2026, Plaintiff moved to compel responses to her discovery requests. Doc. 40. The motion did not comply with Local Rule 3.01(g), which requires that, "[b]efore filing a motion in a civil action. . . the movant must confer with the opposing party in a good faith effort to resolve the motion" and "[a]t the end of the motion and under the heading 'Local Rule 3.01(g) Certificate,' the movant: (A) must certify that the movant has conferred with the opposing party . . ." Because the motion failed to comply with the Local Rule, I denied the motion without prejudice. Doc. 48.

In a separate vein, on September 24, 2025, Primerica moved to dismiss the complaint. Doc. 10. Primerica later moved to stay all discovery until the District Court decided the motion. Doc. 47. Four days after I denied Plaintiff's motion to compel, I granted Primerica's motion to stay discovery. Doc. 50. Plaintiff notes that this prevented her from filing a new motion compel until after the District Court decided the pending motion to dismiss. Doc. 53 pp. 1-2. Plaintiff characterizes this as "Inconsistent and Prejudicial Rulings on Discovery." *Id.*

3

C. <u>Basis for Motion to Stay</u>

In granting Defendant's motion to stay discovery, I found persuasive the Defendant's arguments that (1) if the Court were to grant the Primerica's motion, it would dispose of the case against it (Doc. 50 pp. 4-5); and (2) that Plaintiff's siblings had filed six similar lawsuits against Primerica in this district with little success and, as a result, Primerica had spent substantial time and resources defending multiple cases about the same insurance policy (*id.* pp. 6-7). Plaintiff asserts that "the Court's adoption of Defendant's concerns regarding litigation costs and 'multiplicity of litigation'" is "Evidence of Ex Part Communication and Bias." Doc. 53 p. 2.

D. <u>Citation to Other Cases Relating to the Insurance Policy</u>

As stated above, in considering whether the stay of discovery was appropriate pending the District Court's ruling on Defendant's motion to dismiss, I cited to other cases filed in this District relating to the same insurance policy at issue here. In one of those cases, over which a separate District Judge presides, the plaintiffs unsuccessfully moved to recuse that District Judge. *Washington et al. v. Justice et al.*, 8:25-cv-400-WFJ-AEP (MD Fla.), Docs 45, 46. Plaintiff asserts that it was improper of me to look beyond the four corners of the complaint in this case and that "[b]y referencing and being influenced by proceedings in which Judge Jung refused disqualification,

4

[I] demonstrated a predisposition that precludes a neutral adjudication of Plaintiff's claims." Doc. 53 p. 2.

## II.    Applicable Law

"Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal." *Ray v. Equifax Info. Servs.*, LLC, 327 F. App'x 819, 824 (11th Cir. 2009) (unpublished) (citing *Hamm v. Board of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)).

"To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias [or prejudice, for or against either party] actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Under 28 U.S.C. § 455(b)(1), a judge should disqualify herself if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Under Subsection 455(a), which addresses the appearance of impartiality, recusal is appropriate only if "an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993), *as modified* (Sept. 30, 1993), *aff'd*, 218 F.3d 1305 (11th Cir. 2000).

"A charge of partiality must be supported by some factual basis. . . Recusal cannot be based on 'unsupported, irrational or highly tenuous

speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).

Adverse rulings against a litigant are not a basis for recusal. *Liteky v. United States*, 510 U.S. 540, 549 (1994) ("[T]he recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made.'") (quoting *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913)).

Additionally, "[a] judge's ordinary efforts at courtroom administration" are "immune" from claims of bias or partiality. *Liteky*, 510 U.S. at 556. So, a "Plaintiff's contention that the Court's bias and/or prejudice towards Plaintiff is evidenced by its taking 'too long' to issue rulings on her pending motions is baseless." *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, 2018 WL 8919875, at *2 (M.D. Fla. Mar. 9, 2018) (collecting cases).

Plaintiff presents no basis under either statute for my recusal.

A. The Timing of My Rulings

As to the timing of my rulings, Plaintiff's complaint that the Court has resolved procedural matters more quickly than dispositive ones is not a basis for recusal. It is a complaint about the Court's docket administration, which is well within the Court's purview. *See Liteky*, 510 U.S. at 556. Indeed, the Court attempted to provide Plaintiff, a pro se litigant, with an understanding of the pace of its rulings. *See* Doc. 22 ("The Court understands that parties may experience frustration with the speed of litigation. But the Court serves

6

thousands of parties all seeking relief at once, and must prioritize thoughtful rulings over instantaneous ones. Defendant's motion to dismiss has been pending for less than a month and will be considered with care and ruled upon in due time."). This was not intended as a lecture but as an explanation of the speed of litigation in federal court.

B. The Parties' Disparate Success in Motions Practice

Nor does it demonstrate bias that the Court denied Plaintiff's discovery motion and granted Defendant's. Adverse rulings are not a basis for recusal. *Liteky*, 510 U.S. 549.

C. Basis for Motion to Stay

My citation to and persuasion by Primerica's Motion to Stay is likewise no basis for my recusal. Indeed, Courts do—and must—consider and evaluate the parties' motions in resolving issues before the Court. Plaintiff asserts that my "adoption" of Primerica's concerns (about the cost of discovery and prolific litigation of the insurance policy at issue) shows I had ex parte communications with the Primerica. This accusation is both unsupported and incorrect.

D. Citation to Other Cases Relating to the Insurance Policy

Finally, Plaintiff is incorrect that I must be recused because I cited to other lawsuits related to this one when deciding Primerica's Motion to Stay. Plaintiff is mistaken in asserting that the Court is required to look solely at the four corners of the complaint in deciding whether to stay discovery pending

7

resolution of a dispositive motion. Indeed, precedent supports a preliminary review of the merits of the dispositive motion when deciding whether the Court should stay discovery while it is decided. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 Fed. App'x. 713 (11th Cir. 2003) ("[I]t is helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and 'truly case dispositive.'") (quoting *Feldman*, 176 F.R.D at 652-53); *see also Bufkin v. Scottrade, Inc.*, 812 Fed. App'x. 838, 842 (11th Cir. 2020) (unpublished) (condoning the use of the "preliminary peek" to decide whether to stay discovery pending a dispositive motion). In considering the viability of a Plaintiff's claims, it is appropriate to consider other court decisions on like claims.

Additionally, the Middle District of Florida's Discovery Handbook expressly directs a judge evaluating a motion to stay discovery to examine any "unusual circumstances" that would unduly burden a party. Middle District Discovery (2021) § I(E)(4). The numerous lawsuits filed against Primerica relating to the single insurance policy appear to create an "unusual circumstance" that would make discovery in this context unduly burdensome.

In other words, the examination of the motion's context was not disqualifying but appropriate under both case law and Middle District policy.

8

## III.    Conclusion

For these reasons, I deny Plaintiff's motion to recuse myself from the case.

DONE and ORDERED in Tampa, Florida on March 13, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

9