UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL HARRIS,

     Plaintiff,

v.                                                                  Case No:   8:25-cv-01160-JLB-NHA

PRIMERICA LIFE INSURANCE
COMPANY, et al.,

     Defendants.
_____/

## ORDER

Before the Court is *pro se* Plaintiff Cheryl Harris's Cross Claim against

Defendants Primerica Life Insurance Company ("Primerica") and Judge Steven D.

Merryday, which this Court construes as a Complaint.[1]  (Doc. 1).  After careful

review, the Complaint is **DISMISSED without prejudice**.

## BACKGROUND

This is one of several cases filed in this Court against Primerica and Judge

Merryday regarding the life insurance policy of Ms. Harris's sister, Patricia Ann

Washington.  In *DeBose v. Primerica Life Ins. Co.*, No. 8:24-cv-02433-SDM-NHA

(M.D. Fla. Oct. 21, 2024), Judge Merryday dismissed the action without prejudice

---

[1] Rather than file the form for a complaint, Ms. Harris filled out and filed a cross
claim form.  (*See* Doc. 1).  Federal Rule of Civil Procedure 13(g) provides that "[a]
pleading may state as a crossclaim any claim by one party against a coparty . . . ."
However, Ms. Harris is the sole Plaintiff in this action.  Because the allegations and
pleadings in the form align with that of a complaint, the Court construes it as such.

for failure to comply with the court's order to obtain counsel because a *pro se* litigant cannot represent an estate where there are multiple beneficiaries.

Subsequently, Ms. Harris's relatives filed several additional cases against Primerica on the same life insurance policy and against Judge Merryday.  *See Washington v. Primerica Life Ins. Co.*, No. 8:25-cv-01080-TPB-AEP (M.D. Fla. Apr. 25, 2025) (dismissed May 28, 2025); *Washington v. Primerica Life Ins. Co.*, No. 8:25-cv-01123-WFJ-SPF (M.D. Fla. May 1, 2025) (Judge Merryday dismissed on July 11, 2025, but the case remains pending); *Washington v. Primerica Life Ins. Co.*, No. 8:25-cv-01124-KKM-LSG (M.D. Fla. May 1, 2025) (dismissed May 16, 2025, for failure to pay the court's filing fee or seek *in forma pauperis* status); *Washington v. Primerica Life Ins. Co.*, No. 8:25-cv-01122-MSS-SPF (M.D. Fla. May 1, 2025) (dismissing Judge Merryday with prejudice and giving leave to amend on claims against Primerica).  Ms. Harris also filed a complaint.  *See Harris v. Primerica Life Ins. Co.*, No. 8:25-cv-01121-WFJ-SPF (M.D. Fla. May 1, 2025) (dismissed July 16, 2025, for failure to prosecute).

In the instant action, Ms. Harris brings claims against Primerica for breach of contract and bad faith, and against Judge Merryday under 42 U.S.C. § 1983.  (*See* Doc. 1 at 4).  Ms. Harris alleges that Ms. Debose was defamed by Judge Merryday by his declaring her a vexatious litigant.  (*See id.*).  And she claims that Judge Merryday failed to protect the estate of Patricia Ann Washington and its beneficiaries.  *(See id.).*  Primerica moves to dismiss (Doc. 10), and Ms. Harris

2

responds in opposition (Doc. 13).  Ms. Harris also moves for summary judgment (Doc. 41), to which Primerica responds (Doc. 51).

## LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." (citation omitted)).

## DISCUSSION

First, Ms. Harris's claims against Judge Merryday must be dismissed with prejudice because he is entitled to absolute judicial immunity.  Judicial immunity is applicable when he "deal[t] with the plaintiff in his judicial capacity." *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356–57 (internal quotation marks omitted). Whether a judge acted within his judicial capacity depends on whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the

3

judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Ms. Harris does not allege that Judge Merryday acted outside the scope of his judicial capacity and in "clear absence of all jurisdiction." (*See* Doc. 1). To be sure, entering orders and striking filings are normal judicial functions. Here, Judge Merryday dismissed Ms. DeBose's claims and declared her a vexatious litigant. On appeal, the United States Court of Appeals for the Eleventh Circuit affirmed the decision. *Debose v. United States*, No. 22-13380, 2024 WL 489699, at *1–3 (11th Cir. Feb. 8, 2024). Thus, Judge Merryday is entitled to absolute judicial immunity. Accordingly, the claims against Judge Merryday are due to be dismissed with prejudice. *See, e.g.*, *Cichowski v. Totten*, No. 24-10195, 2024 WL 2182487, at *2 (11th Cir. May 15, 2024) (affirming the district court's dismissal of claims against a judge with prejudice where the judge was entitled to absolute judicial immunity); *Guberman v. Jung*, No. 8:20-cv-1200-T-60AEP, 2020 WL 2797733, at *1–2 (M.D. Fla. May 29, 2020) (finding that the defendant judge was entitled to absolute judicial immunity and dismissing the claims against the judge with prejudice).

Moreover, Ms. Harris lacks standing to challenge the order declaring Ms. DeBose a vexatious litigant. Federal court jurisdiction is limited to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. To satisfy standing, a plaintiff must show: "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Harris v. Evans*, 20 F.3d 1118, 1121

(11th Cir. 1994).  Ms. Harris does not allege that she was subject to Judge Merryday's order and, therefore, cannot demonstrate that she has suffered an injury because of the order.

Second, the Complaint does not sufficiently establish subject matter jurisdiction.  The remaining causes of action against Primerica are for breach of contract and bad faith.  (Doc. 1 at 4).  These appear to be state law claims and, thus, cannot be the basis for federal question jurisdiction.  28 U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  And Ms. Harris has not established diversity jurisdiction because both she and Primerica are Florida citizens.  (Doc. 1 at 1–2); 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . .").  Though a court may exercise supplemental jurisdiction over state law claims where those claims arise from the same conduct and circumstances as the federal claims, there are no federal claims remaining here because the Court has dismissed the section 1983 claim against Judge Merryday.  28 U.S.C. § 1367; (Doc. 1).  Accordingly, the Court lacks subject matter jurisdiction over Ms. Harris's Complaint.

Finally, Ms. Harris's Complaint constitutes an impermissible shotgun pleading.  "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d

1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320.

There are four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that does not "separat[e] into a different count each cause of action or claim for relief."

6

*Id.* at 1322–23.  The fourth and final category of shotgun pleading is one "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1323.  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.*

Ms. Harris's Complaint falls into the third category because all claims against Primerica are in one paragraph rather than separated by count.  (Doc. 1 at 4).  The single paragraph does not contain specific causes of action or point to any statutes; rather, Ms. Harris merely accuses Primerica of breaching the insurance policy contract by failing to pay and acting in bad faith by failing to reinstate the policy.  (*Id.*).

## CONCLUSION

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  Accordingly, the Court will allow Ms. Harris leave to amend her Complaint as to the claims against Primerica.  The Court will not allow amendment as to the claims against Judge Merryday, however, because any such amendment would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

7

Accordingly, it is **ORDERED**:

(1)     Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2)     Plaintiff's claims against Judge Merryday are **DISMISSED with prejudice**.

(3)     Primerica's Motion to Dismiss (Doc. 10) is **DENIED as moot**.

(4)     Plaintiff's Motion to Join Parties (Doc. 34) is **DENIED as moot**.

(5)     Plaintiff's Motion for Summary Judgment (Doc. 41) is **DENIED as moot**.

(6)     Plaintiff is provided leave to file an amended complaint within twenty-one (21) days from the date of this Order.  Failure to timely file an amended complaint will result in the dismissal of this case without further notice of the Court.

**ORDERED** in Tampa, Florida, on May 7, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

8